# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| JOHN WILLIAMS MILLER,  )  |  |
|     Plaintiff,  )  |  |
| vs.  )  | No. 3:22-CV-1538-B-BH |
| )  |  |
| CHAD MEACHUM, et al.,  )  |  |
|     Defendants.  )  | Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, the claims against Robin S. Rosenbaum should be **DISMISSED** without prejudice for improper venue, and any claims against Chad Meachum, the United States, and/or the Department of Justice, should be **DISMISSED** with prejudice for failure to state a claim.

### I. BACKGROUND

John Williams Miller (Plaintiff), a current resident of Dallas, Texas, sues Chad Meachum, the United States Attorney for the Northern District of Texas (USA), and Robin S. Rosenbaum, a judge of the United States Court of Appeals for the Eleventh Circuit (Judge), under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging violations of his constitutional rights. (*See* doc. 3 at 2-4.)[2] This is the second lawsuit that he has filed in this district against Judge; his first lawsuit against her in this district was transferred to the United States District Court for the Northern District of Georgia, where the Eleventh Circuit . *See Miller v. Rosenbaum*, No. 3:21-CV-2852-K-BK (N.D. Tex. Dec. 1, 2021). Although Plaintiff also names the USA in this district as a defendant, his complaint contains no allegations at all concerning USA. (*See* doc. 3.) His allegations all concern the Judge's handling of his appeal of a case originating in the Northern District

---

[1] By standing order of reference filed on July 18, 2022 (doc. 5), this *pro se* civil rights case has been automatically referred for full case management.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

of Georgia. (*See id.* at 14-15.) The Eleventh Circuit Court of Appeals is based in Atlanta, Georgia, but Judge appears to be located in Florida.

## II. VENUE

The general venue provisions of 28 U.S.C. § 1391 provide the basis for determining the proper venue in this *Bivens* case. Section 1391(b) provides:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Diversity of citizenship does not provide the sole basis for jurisdiction in this case. Any claims concerning matters that occurred in this district were properly filed in this Court. Because one defendant is located in the Northern District of Texas, venue is also proper here for any claims against USA. As noted, the complaint states no allegations against him, however. All of the allegations in the complaint relate to Judge's handling of Plaintiff's appeal. (*See* doc. 3 at 7-21.) That court is based in Atlanta, Georgia, but Judge appears to be stationed at one of its Florida locations. Consequently, one of those districts appear to be the most proper venue under § 1391 for Plaintiff's *Bivens* claims against Judge.

Section 1406(a) of Title 28 of the United States Code grants the Court discretionary authority to transfer cases filed in the wrong division or district to cure a defect in venue, but only if it is in the interest of justice to make such a transfer. Courts may transfer a case *sua sponte*. *Mills v. Beech Aircraft Corp., Inc.,* 886 F.2d 758, 761 (5th Cir. 1989); *Caldwell v. Palmetto State Sav. Bank*, 811 F.2d 916, 919 (5th Cir. 1987). They have broad discretion in determining the propriety of a transfer. *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998).

Here, Judge appears to be in the Northern District of Georgia or in Florida, and all of the events upon which this case is based appear to have occurred in one of those districts. It is not in the interest of justice to transfer this case, however, because Plaintiff's prior *Bivens* lawsuit against her was previously transferred to the Northern District of Georgia. In addition, according to the complaint, all of his claims against Judge are based on her performance of functions normally performed by a judge, and he has pleaded no facts to overcome her absolute immunity. *See Nixon v. Fitzgerald*, 457 U.S. 731, 745–46 (1982) (recognizingd absolute immunity for judges acting in the performance of their judicial duties); *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991) (judges are immune from suit for damages resulting from any judicial act). Plaintiff's claims against Judge should therefore be dismissed without prejudice for improper venue instead of transferred to the proper venue.

### III.  FAILURE TO STATE CLAIM

Plaintiff also names USA as a defendant, but makes no allegations against him. "District courts may, for appropriate reasons, dismiss cases *sua sponte*." *Carter v. Atwood*, 18 F.4th 494, 497 (5th Cir. 2021) (collecting cases). A court may *sua sponte* dismiss a plaintiff's claims under Rule 12(b)(6) for failure to state a claim "as long as the procedure employed is fair;" this requires notice of the intent to dismiss and an opportunity to respond. *See id.* at 498 (citing *Davoodi v. Austin Indep. Sch. Dist.*, 755 F.3d 307, 310 (5th Cir. 2014)). The recommendation of a United States Magistrate Judge that a case be dismissed *sua sponte* with an opportunity for the plaintiff to object to it satisfies this requirement. *See Alexander v. Trump*, 753 F. App'x 201, 208 (5th Cir. 2018) (citing *Magouirk v. Phillips*, 144 F.3d 348, 359 (5th Cir. 1998)).

Rule 12(b)(6) allows dismissal for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12 (b)(6). Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *see also Spivey v. Robertson*, 197 F.3d

3

772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). Pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (citations omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 556 U.S. at 678. It is well-established that "*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981).

4

As noted, Plaintiff's complaint contains no allegations whatsoever concerning USA. He has therefore failed to state a claim against him.

To the extent he seeks to sue the United States or the Department of Justice, a *Bivens* action only provides a remedy for victims of constitutional violations by government officers in their individual capacities; it does not provide for a cause of action against the United States. *Affiliated Prof' l Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir.1999). Nor may a *Bivens* action be brought against a federal agency. *FDIC v. Meyer*, 510 U.S. 471, 484–86 (1994); *Moore v. United States Dep't of Agriculture*, 55 F.3d 991, 995 (5th Cir.1995). This is because the purpose of a *Bivens* cause of action is to deter a federal officer from violating a person's constitutional rights. *Meyer*, 510 U.S. at 485; *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 70 (2001). Because a *Bivens* action cannot be brought against the United States, a federal agency, or individual employees in their official capacities, Plaintiff has failed to state a claim against the United States, the Department of Justice, or USA in an official capacity.

## IV. OPPORTUNITY TO AMEND

Notwithstanding their failure to plead sufficient facts, the Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Byrnes*, No. 3:07-CV-1975-D, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, No. 3:00-CV-0863-D, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). Courts therefore typically allow *pro se* plaintiffs an opportunity to amend their complaints when the action is to be dismissed by court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:96-CV-2923-D, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2. Courts, nonetheless, may appropriately dismiss an action with prejudice without giving an opportunity to amend when the

plaintiff fails to respond to a motion to dismiss after being specifically invited to do so by the court, *Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995), or if it finds that the plaintiff has alleged his or her best case, *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999). When a court "outline[s] in [its] opinion the deficiencies" of plaintiff's complaint and "plaintiff nevertheless cannot ... amend to satisfy [the relevant pleading standard,] the court can then dismiss the complaint with the assurance that plaintiff has been shown all the deference he is due." *Sims*, 2001 WL 627600, at *2-*3 (quoting *Barber v. G.H. Rodgers*, No. CA3-84-1750-D (N.D. Tex. Sept. 13, 1988)).

Here, Plaintiff has not amended his complaint. Any amended claims against Judge would be subject to dismissal for improper venue, and he cannot state a *Bivens* claim against the United States, the Department of Justice, or USA in his official capacity. He should accordingly be offered an opportunity to amend his complaint to sufficiently state a claim for relief **against USA in his individual capacity only**.

## V. RECOMMENDATION

Plaintiff's claims against Judge should be **DISMISSED without prejudice** for improper venue. Any claims against USA in an official capacity, the United States, and/or the Department of Justice, should be **DISMISSED with prejudice** for failure to state a claim. If he does not file an amended complaint setting forth his claims **against the United States Attorney in his individual capacity only** within the 14 days allotted for objections to this recommendation, or by some other deadline set by the Court, Plaintiff's claims against the United States Attorney in an individual capacity should also be **DISMISSED with prejudice** for failure to state a claim.

**SO RECOMMENDED on this 20th day of July, 2022.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE