IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOHN WILLIAMS MILLER,<br>        Plaintiff,<br>vs.<br><br>CHAD MEACHUM, et al.,<br>        Defendants. | )<br>)<br>)   No. 3:22-CV-1538-B-BH<br>)<br>)<br>)   Referred to U.S. Magistrate Judge[1] |

## AMENDED MEMORANDUM OPINION AND ORDER

Based on the relevant filings and applicable law, the plaintiff's *Motion* to recuse, filed July 22, 2022 (doc. 8 at 3),[2] is **DENIED**.

John Williams Miller (Plaintiff), a current resident of Dallas, Texas, sues the United States Attorney for the Northern District of Texas and a federal appellate judge in the Eleventh Circuit under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), for violations of his constitutional rights. (*See* doc. 3 at 2-4.) This is the second lawsuit that he has filed against the appellate judge in this district; his first lawsuit was transferred to the United States District Court for the Northern District of Georgia, where the Eleventh Circuit sits. *See Miller v. Rosenbaum*, No. 3:21-CV-2852-K-BK (N.D. Tex. Dec. 1, 2021). Although Plaintiff's complaint also names an individual defendant located in this district, it contains no allegations at all concerning that defendant. On July 20, 2022, it was recommended that this case be dismissed for improper venue and failure to state a claim. (*See* doc. 6.) The plaintiff now seeks recusal of the assigned magistrate judge, alleging bias against him. (*See* doc. 8 at 2-3.)

A judge is required to stand recused "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "As the goal of § 455(a) 'is to exact the appearance

---

[1] By standing order of reference filed on July 18, 2022 (doc. 5), this *pro se* civil rights case has been automatically referred for full case management.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

of impartiality,' recusal may be mandated even though no actual partiality exists." *United States v. Avilez-Reyes*, 160 F.3d 258, 259 (5th Cir. 1998) (quoting *Hall v. Small Business Admin.*, 695 F.2d 175, 178 (5th Cir. 1983)). To merit recusal, the movant "must show that, if a reasonable man knew of all the circumstances, he would harbor doubts about the judge's impartiality." *Chitimacha Tribe of La. v. Harry L. Laws Co.*, 690 F.2d 1157, 1165 (5th Cir. 1982). Adverse rulings do not render the judge biased, however. *Matter of Hipp, Inc.*, 5 F.3d 109, 116 (5th Cir. 1993). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . [T]hey . . . can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal." *Liteky v. U.S.*, 510 U.S. 540, 555 (1994).

Here, the plaintiff provides only speculation in support of his claim of bias. He does not cite any relevant, extrajudicial information that would cause a reasonable person, knowing all the circumstances, to question the impartiality of the assigned magistrate judge. The motion, which was filed two days after the recommended dismissal of the case, appears to be based on adverse rulings. As noted, adverse rulings do not render a judge biased. Because it presents no valid grounds for recusal, the motion for recusal is **DENIED**.

**SO ORDERED on this 26th day of July, 2022.**

                                                    _____
                                                    IRMA CARRILLO RAMIREZ
                                                    UNITED STATES MAGISTRATE JUDGE